UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA

-v.-

KEVIN WILLIAMS,

Defendant.
---------------------------------------------------x

AMENDED ORDER

12-CR-111-8 (CS)

Seibel, J.

Before the Court is Defendant Kevin Williams's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (Doc. 562.)[1]

On May 20, 2015, Defendant was sentenced principally to 37 months' imprisonment on his conviction for narcotics conspiracy. (Doc. 358.) About four months after his release in June 2017, a petition for violation of supervised release was filed. He had repeatedly tested positive for drugs and was not working. While that petition was pending, he was arrested by the state for criminal possession of a controlled substance with intent to sell. He was eventually convicted of criminal possession of a controlled substance in the third degree and was sentenced to three years' imprisonment. After he served that sentence, he was returned to federal custody on December 26, 2020. On January 27, 2020, he admitted to having violated the conditions of his supervised release, and was sentenced to twelve months' imprisonment and three years' supervised release. (Doc. 541.) He has served almost seven months of the twelve month sentence.[2]

---

[1]When able to do so, defense counsel is directed to send to chambers for filing under seal an unredacted hard copy of Defendant's motion and any exhibits that are not publicly filed,

[2]The Government originally took the position that Defendant's federal time did not begin to run until February 11, 2020, (Doc. 564 at 2), but I am informed by Probation that it has conferred with the Government, and both agree that Defendant's federal time began to run on

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

Defendant does not specify which category he meets, although he implies that he is substantially diminished in his ability to provide self-care because of TB, hypertension and morbid obesity. (Doc. 562 at 4, 2.) There is no evidence that suggest that Defendant cannot care for himself or that any of those conditions are ones from which he cannot recover. But I must consider whether the risk the corona virus pandemic poses to one with his health conditions meets the fourth category. According to the Centers for Disease Control ("CDC"), Defendant's morbid obesity puts him at increased risk for a severe case should he contract COVID-19, and hypertension may do so. Defendant is housed at the Orange County Jail ("OCJ"), which has no inmates and one staff member testing positive. The record of that facility is commendable, but

---

December 26, 2019.

of course it could change at any time. I find, and the Government concedes, (Doc. 564 at 5), that Defendant's medical condition, combined with the risks inherent in a prison setting, constitutes an "extraordinary and compelling reason" within the meaning of 18 U.S.C. § 3582(c)(1)(A).

I must next consider the § 3553(a) factors. Defendant's offense was serious. Mere months after his release from a 37-month sentence, and while a violation petition was pending based on multiple violations of supervised release, Defendant committed another drug felony. That case was his fifth conviction and fourth felony. He has shown disdain for court supervision and disrespect for the law.

That said, he has only a few months left on his sentence; his medical condition puts him at seriously increased risk; and steps can be taken to reduce his ability to commit crimes during the time he enjoys a sentence reduction. I do not think that it would be unjust, undermine respect for the law, introduce unwarranted sentencing disparity, endanger the community or otherwise undermine the purposes of sentencing to allow him to serve the remaining five or so months of his twelve-month sentence under home incarceration. Further, the risk that Defendant will commit further crimes can be mitigated with the additional period and conditions of supervised release I intend to impose. On balance, the risks presented by his remaining incarcerated outweigh the § 3553(a) factors that would be served by requiring him to finish his sentence.

Accordingly, the motion is granted and the term of imprisonment is reduced to time served. Defendant shall be released forthwith (with the proviso in item 2 below), on the following conditions:

1. The period between now and December 26, 2020 shall constitute an additonal period of

supervised release,[3] during which Defendant shall be subject to all conditions of supervised release in the Judgment, (Doc. 37) , plus the special condition of home incarceration, to be enforced by monitoring technology at the discretion of the Probation Office. During the period of home incarceration, the defendant must remain at his approved residence except as necessary for medical treatment, which requires prior notice to and approval by the Probation Department unless it involves a true emergency. Once this additional period of supervised release has been completed, Defendant will commence the originally imposed three-year term of supervised release on the conditions set forth in the Judgment.

2. In light of the COVID-19 pandemic, Defendant upon release must self-quarantine within his approved residence for 14 days, distancing from any other occupants. If any of those occupants object to Defendant's presence for the 14-day period, or if the Probation Office determines that self-quarantine at his approved residence for that period will endanger other occupants, Defendant shall be quarantined at OCJ (or another facility as directed by the Bureau of Prisons) and released once 14 days have elapsed without his being infected.

3. The defendant is to possess or have access to a phone that will allow video conferencing by the Probation Department. This special condition of probation shall remain in effect both during the additional period and the original period of supervised release, unless waived by Defendant's Probation Officer.

---

[3] 18 U.S.C. § 3582(c)(1)(A) permits the Court to not only reduce the term of imprisonment, but to "impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."

4. Defendant shall contact Supervisory U.S. Probation Office Kevin Mulcahy (646-210-4075) upon his release.[4]

Defendant has done nothing to deserve leniency. He should regard this ruling as an act of mercy and a sign of the Court's hope that he will turn his life around, and he should feel obligated to pay it forward by becoming a law-abiding person. He has disappointed the Court and the Court is sure that he has repeatedly disappointed his family. It is time for that to stop. Defendant is advised that the Court will regard it a serious violation of the trust the Court has placed in him if he fails to abide by any of the previously imposed conditions of supervised release or any of the additional conditions set forth above. Probation shall inform the Court immediately if Defendant violates any condition, and Defendant should expect to return to prison – and make up for the lost time – despite his health, should his actions justify it.

Dated: July 16, 2020
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.

[4]I am imposing the first condition to impose just punishment and protect the public from further crimes by Defendant The reason for the next condition is obvious. The third and fourth conditions are imposed to allow proper supervision by Probation.